**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

OM NONE,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-04449-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Om None ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California. In this habeas action, Petitioner challenges the legality of his re-detention and continued civil confinement, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by revoking his liberty without notice, without an opportunity to be heard as to whether he poses a danger or a flight risk, and absent a material change in circumstances warranting his sudden re-detention. Petitioner argues that by releasing him on an order of his own recognizance ("OREC") after determining that he was not a danger nor a flight risk, U.S. Customs and Border

Protection ("CBP") conferred upon him a freedom from physical restraint protected by the Due Process Clause, and that this liberty interest could not be withdrawn absent constitutionally adequate procedural safeguards.

Having reviewed the record, and consistent with several recent decisions by this Court and in this District, the Court concludes that Petitioner's re-detention on July 8, 2026—without notice, justification, or evidence of changed circumstances—violates due process. Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner represents that he is a 22-year-old native and citizen of India. (Dkt. No. 1 at 15.) Petitioner contends that he entered the United States without inspection on or about May 3, 2024. *Id.* Petitioner asserts that upon his arrival, he was encountered, apprehended, and briefly detained by CBP. *Id.* Petitioner represents that he was subsequently released pursuant to an OREC. *Id.* Petitioner asserts that following his release, he was placed in removal proceedings under 8 U.S.C. §1229a and has remained in those proceedings continuously since 2024. *Id.*

Petitioner asserts that following his release, he filed an application for asylum with the Executive Office for Immigration Review ("EOIR"). (Dkt. No. 1 at 15.) Petitioner represents that since his release on an OREC, he has received Employment Authorization and has maintained lawful employment authorization. *Id.* Petitioner further contends that he has consistently complied with all applicable laws by working lawfully, paying taxes, and fulfilling his civic and financial obligations while awaiting the scheduling of his asylum hearing and the adjudication of his pending Form I-589, Application for Asylum and for

Withholding of Removal. *Id.* Petitioner represents that he has no criminal history and has maintained full compliance with all terms of his conditional parole. (Dkt. No. 1 ¶66.)

Petitioner represents that DHS served him with a Notice to Appear ("NTA"), charging him as removable under 8 U.S.C. § 1229a and directing him to appear before an Immigration Judge on May 20, 2026. (Dkt. No. 1 at 15.) Petitioner asserts that on or about July 8, 2026, Respondents suddenly rearrested him without notice of any material change in circumstances. (Dkt. No. 1 ¶62.) Petitioner remains in detention at the ICE Adelanto Detention Facility as of the filing of the Petition. (Dkt. No. 1 ¶67.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on August 6, 2026. (Dkt. No. 1.) Respondents filed their Answer (the "Answer") on August 14, 2026. (Dkt. No. 6.) Petitioner filed his Reply (the "Reply") on August 18, 2026. (Dkt. No. 8.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

Petitioner argues that his re-detention and continued civil confinement violate the Fifth Amendment's guarantee of due process because Respondents revoked his conditional liberty without providing notice, without any opportunity to contest whether he posed a flight risk or a danger to the community, and without any material change in circumstances. Petitioner therefore seeks immediate release, arguing that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

Respondents do not address Petitioner's claims. Respondents, in their Answer, state that they "are not presenting an opposition argument to the habeas petition at this time." (Dkt. No. 6.) Consistent with precedent, courts in

this Circuit have regarded such silence as a concession. *See e.g., Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession). The Court notes this position and independently evaluates Petitioner's claims on the merits.

**A. The Court Has Subject Matter Jurisdiction**

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here. The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

**B. Petitioner's Detention Violates Due Process.**

The Fifth Amendment protects all persons in the United States, including noncitizens in removal proceedings, from deprivation of liberty without due process of law. Freedom from physical restraint lies at the core of this protection. *See Zadvydas*, 533 U.S. at 690–91. When CBP released Petitioner on an OREC after determining that he was not a danger nor a flight risk, it conferred a

conditional liberty interest that may not be withdrawn without constitutionally sufficient process. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019). Agency precedent likewise recognizes that a prior release should not be revoked absent materially changed circumstances. *See Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1194–98 (N.D. Cal. 2017).

The Court analyzes Petitioner's due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. 424 U.S. 319, 335 (1976). Applying these considerations here, each factor weighs strongly in Petitioner's favor.

**1. Private Interest**

Petitioner argues that his re-detention without notice or a pre-deprivation hearing directly infringed upon the core liberty interest protected by the Fifth Amendment. Petitioner contends that Respondents deprived him of the ability to contest whether he posed a danger or flight risk before revoking his conditional liberty.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall ... be deprived of ... liberty ... without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id.* at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields

significant discretion retain a protected interest in their liberty." *Garro Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032–33(N.D. Cal. 2025) (collecting cases).

In *Morrissey v. Brewer*, the Supreme Court recognized that the decision to release a criminal defendant from custody on parole creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit consistently recognize that this principle extends to individuals subject to removal proceedings; "[j]ust as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *accord Garro Pinchi*, 792 F.Supp.3d 1025, 1032–33 (collecting cases for the proposition that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody").

The Court agrees with Petitioner that due process principles prohibit Respondents from revoking his release and re-detaining him absent adequate pre-deprivation process.

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in remaining free from custody. Petitioner asserts he filed for asylum, maintained full compliance with the conditions of his OREC, has consistently complied with all applicable laws, and has maintained lawful employment. (Dkt. No. 1 at 15.) While Petitioner remained subject to the conditions of his OREC during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles h[er] to constitutional due process before [s]he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi*, 792 F.

Supp. 3d at 1032 ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). This conditional liberty is " 'valuable and must be seen as within the protection of the Fourteenth Amendment.' " *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

In consideration of the guiding principles and relevant authority, and the undisputed record of Petitioner's compliant period of release, the Court finds that Petitioner's interest in remaining at liberty is both substantial and well-established. Accordingly, the Court concludes that the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at 2–6; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernández López v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole*). See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, the Court finds that Respondents' failure to articulate any change in circumstance preceding Petitioner's re-detention creates a significant risk of erroneous deprivation. Respondents provided no pre-deprivation notice, hearing, or opportunity for Petitioner to challenge the basis for revocation of his release. Additionally, DHS identified no change in circumstances between Petitioner's grant of release and his re-detention on July 8, 2026. Both *Matter of Sugay* and *Saravia* require materially changed circumstances before DHS may revoke a prior release

determination. *Sugay*, 17 I. & N. Dec. at 640; Saravia, 280 F. Supp. 3d at 1194–97. Civil immigration detention is constitutionally permissible only to prevent flight or protect the community from danger. *Zadvydas*, 533 U.S. at 690–91. Yet nothing in the record suggests that Petitioner's continued release threatened either interest at the time of his re-detention on July 8, 2026.

First, Respondents identify no material change in circumstances arising between the time of Petitioner's release in May 2024 and his sudden re-detention on July 8, 2026. There are no allegations of criminal conduct, no supervision violations, and no new facts in the record that would lead a reasonable officer to conclude that Petitioner suddenly became a danger or flight risk at the time of his re-detention on July 8, 2026. As both *Matter of Sugay* and *Saravia* make clear, DHS may not revoke a prior release determination absent such materially changed circumstances. *Matter of Sugay* 17 I. & N. Dec. 637, 640 (B.I.A 1981); *Saravia*, 280 F. Supp. 3d at 1196–97.

Second, the procedure employed here creates a substantial risk of error. Petitioner asserts that CBP released him from custody under an OREC, he applied for asylum, and that he complied with all conditions of his release. (Dkt. No. 1 at 15.) The record reflects that throughout this entire period, Respondents repeatedly determined that Petitioner could remain safely in the community. *Id.* Yet despite Petitioner's unbroken record of compliance, Respondents provided no advance process to assess whether revoking his release would further the permissible purposes of immigration detention. Post-deprivation custody hearings do not remedy the lack of constitutionally required pre-deprivation process. On this record, the Court concludes that the risk of erroneous deprivation is unacceptably high.

**3. Government Interest**

As to the third *Mathews* factor, the Government's interests, as reflected in the record before the Court, are insufficient to justify the deprivation of

liberty here. Although the Government has a legitimate interest in enforcing the immigration laws, that interest does not overcome the Fifth Amendment's requirement that constitutional procedural safeguards be provided before re-detaining a person who has been safely residing in the community.

Courts considering similar re-detentions have consistently concluded that the Respondents' interest in bypassing pre-deprivation procedures is low. *Cruz v. Lyons* held that, where a noncitizen has long been released and compliant, the Respondents have no meaningful countervailing interest in effecting a sudden re-detention without a hearing, particularly because ICE routinely conducts custody hearings and the administrative burden of providing one is minimal. *See* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *4 (C.D. Cal. Nov. 6, 2025). Likewise, in *López*, the court emphasized that immigration custody hearings are "routine and impose a minimal cost," and that the government's interest in re-arresting a compliant supervisee without a hearing is "low." 2025 WL 2959319, at *6 (cleaned up). *Garro Pinchi* similarly held that due process requires the Government to identify an interest "beyond its own administrative practices" to justify depriving an individual of liberty without pre-deprivation protections, and that detention "for its own sake" or due to the absence of established procedures is not a legitimate governmental interest. 792 F. Supp. 3d at 1035–36. Additionally, *Rodriguez Diaz* reiterated that where a noncitizen has long complied with reporting requirements, the Government's interest in re-detaining that individual without a hearing prior to detention is especially weak. 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025).

These decisions align with broader Ninth Circuit authority recognizing that the Government has no legitimate interest in detaining individuals who can be safely supervised through less restrictive means. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). They also reflect *Saravia*'s conclusion that the administrative burden of providing a brief, neutral hearing

to assess any material change in circumstances is minimal, particularly where DHS already conducts such hearings in other detention contexts. 280 F. Supp. 3d at 1199–1200.

Here, Respondents do not identify any administrative or public-safety reason they could not have provided Petitioner with notice and an opportunity to be heard prior to revoking his liberty. Nor do Respondents identify any individualized risk posed by Petitioner at the time of his re-arrest. On the record before the Court, Respondents' interest in re-detaining Petitioner absent the constitutionally protected pre-deprivation procedures due—without any justification or prior notice—is exceptionally weak. Under *Mathews*, the Government has no interest in bypassing pre-deprivation process in these circumstances.

Accordingly, the third *Mathews* factor weighs decisively in Petitioner's favor.

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Respondents' lack of constitutionally adequate procedures has resulted in Petitioner's unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Respondents' re-detention of Petitioner on July 8, 2026, without adequate pre-deprivation process, violated due process and that he should be released forthwith.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Om None's (A#226-018-202) immediate release and restoration of liberty to the conditions existing prior to his detention on July 8, 2026, along with his personal belongings, including his identification, passport, work permits, and other

documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government must justify the need to confine him prior to his re-detention; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody. Additionally, Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: August 21, 2026



ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE